NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Civ. No. 05-5554 (AET) |
| v. | : | **MEMORANDUM & ORDER** |
| MATTHEW BONGIOVI, et al., | : | |
| Defendants. | : | |

THOMPSON, U.S.D.J.

  This matter is before the Court on Plaintiff United States's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. The Court has decided this motion after reviewing the submissions of the parties. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. For the following reasons, Plaintiff's motion is denied.

  Plaintiff brings this action to enforce federal tax liens against the parties involved in the sale and purchase of the assets of Defendant B.G. Holdings, Inc. (the "corporation"). Defendant Barry Frost, the Chapter 7 trustee in bankruptcy of Defendant Kenneth Greenwaldt, the corporation's sole shareholder, orchestrated the sale. Plaintiff alleges that Defendant Frost "negligently breached his fiduciary duty as trustee of the bankruptcy estate" by liquidating and distributing assets of the corporation to claimants without first satisfying certain federal tax liens against the corporate property.

  The Court finds that Plaintiff has not met its burden on summary judgment of showing

the absence of a genuine issue of material fact. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Kreschollek v. S. Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000). The Court notes several substantial factual disputes concerning, for example: (1) the correct portion of the proceeds of the sale of the corporation's assets allocable to the sale of the liquor license; (2) whether the Internal Revenue Service properly served the Notices of Federal Tax Lien; and (3) whether Defendant Frost had sufficient notice of the existence of the federal tax liens. Because of these disputes, and because the Court must view the inferences to be drawn from the underlying facts in the light most favorable to Defendants, see Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002), the Court finds that summary judgment is not appropriate at this time.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 29th day of August, 2006,

ORDERED that Plaintiff United States's Motion for Summary Judgment [22] is DENIED.

                                                s/Anne E. Thompson
                                          ANNE E. THOMPSON, U.S.D.J.